UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIEU OANH THI LUONG,

       Petitioner,

v.                                            Case No. 3:25-cv-1203-JEP-PDB

SCOTTY RHODEN, et al.,

       Respondents.
_____

## ORDER TO SHOW CAUSE

       Petitioner Kieu Oanh Thi Luong initiated this action through counsel by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition) on October 6, 2025. At the time she filed the Petition, U.S. Immigration and Customs Enforcement (ICE) was detaining Luong at the Baker County Facility. However, ICE's website currently reflects that Petitioner is no longer in custody.[1]

       "As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody. . . . Ultimately, the burden remains on the petitioner to establish that his case still presents a live 'case or controversy' by

---

[1] *See* Online Detainee Locator System, U.S. Immigration and Customs Enforcement, available at https://locator.ice.gov/odls/#/search (last visited Jan. 20, 2026).

demonstrating that a collateral consequence of his imprisonment persists after his release." *Djadju v. Vega*, 32 F.4th 1102, 1106-07 (11th Cir. 2022) (internal quotations and citations omitted).

Accordingly, it is

**ORDERED:**

By **January 30, 2025**, Petitioner shall **SHOW CAUSE** why this case should not be dismissed as moot. If she intends to continue the prosecution of this action, she must file a memorandum of law explaining why this action is not moot given her release from custody. If she no longer wishes to prosecute this action or if this action is now moot, she may file a notice of voluntary dismissal.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of January, 2025.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

JAX-3 1/20
c:
Counsel of Record